UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:12-cv-00432-EJL |
| Plaintiff/Respondent, | 3:10-cr-00044-EJL |
| v. | |
| LEVI WAYNE MENDENHALL, | **MEMORANDUM DECISION AND ORDER** |
| Defendant/Movant. | |

## INTRODUCTION

Pending before the Court is Levi Wayne Mendenhall's ("Mendenhall") Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1) and the Government's Motion to Dismiss (Civ. Dkt. 4). Having reviewed the motions, Mendenhall's Response to Motion to Dismiss (Civ. Dkt. 9), the Government's Reply (Civ. Dkt. 34), Mendenhall's Sur-Reply (Civ. Dkt. 38), and the underlying criminal record, the Court enters the following Order granting the Motion to Dismiss and dismissing the § 2255 Motion for the reasons set forth below. Also pending before the Court are numerous motions which the Court either denies or finds moot for the reasons set forth below.

# PROCEDURAL BACKGROUND

On February 17, 2010, Mendenhall was charged in a six count Indictment with transportation of explosives by a prohibited person in violation of 18 U.S.C. §§842(i)(1) and 844(a); possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5845(f), 5861, and 5871; two counts of transportation of explosives in violation of 18 U.S.C. § 844(d); malicious use of explosives in violation of 18 U.S.C. § 844(i); and stalking in violation of 18 U.S.C. § 2261A(1). *Indictment*, Crim. Dkt. 1. The charges arose out of an incident occurring on or about September 4, 2009, in which Mendenhall placed an explosive or destructive device on the hood of his ex-wife's friend's vehicle at whose home his ex-wife was staying. Roger Peven and Kailey Moran were appointed to represent Mendenhall.

On May 10, 2011, Mendenhall entered a Plea Agreement with the Government under which he agreed to plead guilty to a Superseding Information in return for dismissal of the Indictment and certain sentencing recommendations. The Superseding Indictment charged him with one count of transportation of explosives with intent to kill, injure, or intimidate in violation of 18 U.S.C. § 844(d); one count of stalking in violation of 18 U.S.C. § 2261A; and one count of use of explosives to commit a felony in violation of 18 U.S.C. § 844(h). *Plea Agreement*, Crim. Dkt. 34. On May 16, 2011, the contemplated Superseding Information was filed containing the charges to which Mendenhall agreed to plead guilty. *Superseding Information*, Crim. Dkt. 37. On May

17, 2011, Mendenhall entered his plea to the Superseding Information before the Court.

As part of the Plea Agreement, the parties agreed that the final offense level calculation was 33 for Counts One and Two with a resulting guideline range of 168-210 months, and a consecutive sentence of 120 months on Count Three pursuant to statute (for a total guideline range of 288-330 months). *Plea Agreement* at 9. The parties further agreed that the offense level reflected a three-level upward departure to reflect the dangerous nature of the destructive device, the manner in which it was used, and the extent to which it endangered others. *Id.* The parties also agreed to a recommended sentence of 300 months or twenty-five years. *Id.*

Defense counsel had no objections to the Presentence Report but noted a number of corrections or clarifications and filed a sentencing memorandum addressing the 18 U.S.C. § 3553(a) sentencing factors for the Court's consideration to justify the recommended sentence. *Objections and Sentencing Memorandum*, Crim. Dkt. 41. Attached to the Sentencing Memorandum was the psychological report prepared by licensed neuropsychologist Dr. Craig W. Beaver that addressed Mendenhall's various psychological and mental health issues. *Psychological Report*, Crim. Dkt. 41-2. The Government likewise filed a Sentencing Memorandum in support of the agreed upon sentence. *Sentencing Memorandum*, Crim. Dkt. 42.

On August 9, 2011, the Court accepted the parties' and the Probation Officer's sentencing recommendation and sentenced Mendenhall to a term of imprisonment of 90

months on Count One, 90 months on Count Two, and 120 months on Count Three all

sentences to be served consecutively for a total of 300 months, and Judgment was

entered on August 18, 2011. *Min. Entry*, Crim. Dkt. 46; *Judgment*, Crim. Dkt. 47.

Mendenhall did not appeal his conviction or sentence. On August 20, 2012, he timely

filed the pending § 2255 Motion. Mendenhall has filed several miscellaneous motions

since that time which the Court will address prior to considering the § 2255 Motion and

Motion to Dismiss.

## REVIEW OF MISCELLANEOUS MOTIONS

The Court will address Mendenhall's various pending motions in the order in

which they were filed. The Court notes that the Government has filed one motion in

response to certain of Mendenhall's motions and will consider that motion in addressing

Mendenhall's motions.

### 1.    Motion for Appointment of Counsel (Civ. Dkt. 11)

Mendenhall moves for counsel in light of *Martinez v. Ryan* and requests an

"appointed" counsel who "must only assist under Petitioner's Power of Attorney."

*Motion for Counsel*, Crim. Dkt. 11. He makes this specific request "due to the apparent

collusion oriented conditions" encountered in his criminal case. *Id*. The Court

considered this motion prior to addressing the Motion to Dismiss to determine whether

counsel should be appointed for Mendenhall.

The right to counsel "extends to the first appeal of right, and no further."

*Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). There is no constitutional right to counsel for a collateral attack on a conviction. *Id.* However, once a § 2255 motion is filed, the Court must appoint counsel in certain circumstances. *See* Rules 6 and 8(c) of the Rules Governing Section 2255 Proceedings. Even if not required, the Court has the discretion to appoint counsel for indigent prisoners who are seeking relief under § 2241 or § 2255. *See* 18 U.S.C. § 3006A(a)(2)(B). Relevant considerations are the likelihood of success on the merits, the complexities of the issues involved, and the ability of the prisoner to present his claims. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Here, the Court has not made a determination pursuant to Rule 6 that discovery is needed to resolve the issues raised by Mendenhall and that appointment of counsel is necessary for effective discovery. Nor has it made a determination under Rule 8 that an evidentiary hearing is required to resolve those issues. Furthermore, after considering the likelihood of success on the merits, the complexity of the issues Mendenhall has raised, and Mendenhall's ability to present his claims, the Court finds that appointment of counsel under § 3006A(a)(2)(B) is not warranted. The Court takes particular note of Mendenhall's considerable ability to state his claims, cite case law, and present legal arguments. Accordingly, Mendenhall's Motion for Appointment of counsel is denied.

### 2.     Motion to Strike Motion for Order Concerning Attorney-Client Privilege and Motion to Continue Response Deadline (Civ. Dkt. 14)

Mendenhall's Motion to Strike is essentially a response to the motion he wishes the Court to strike. The Court considered the Motion to Strike in granting the

Government's motion. *See Order*, Civ. Dkt. 33.  Accordingly, the Motion to Strike is moot.

**3.      Motions for Issuance of Subpoena (Civ. Dkts. 15-23)**

Mendenhall seeks to subpoena several individuals including Government and defense counsel, his brother, BATF Special Agent Todd Smith, Dr. Craig Beaver, Chief Marshal Joe Newman, and Gabriel Caballero, all to address the "numerous questions regarding procedures performed by the government and the legality of several documents." *See, e.g., Motion for Issuance of Subpoena*, Civ. Dkt. 15. The Government moved to dismiss or deny the requested subpoenas and to dismiss interrogatories submitted to the Government by Mendenhall on the grounds that they are premature. *Govt. Mot.*, Civ. Dkt. 27. The Court agrees.  The Court has not authorized discovery and Mendenhall did not submit the interrogatories to the Court together with reasons for requesting discovery as required by Rule 6.  Furthermore, the Court has not determined that an evidentiary hearing will be required to resolve the issues. Accordingly, not only is it premature to subpoena witnesses, it would be the function of appointed counsel, not Mendenhall, to subpoena witnesses if the Court were to grant an evidentiary hearing.  Accordingly, the Government's motion is granted, and Mendenhall's motions for issuance of subpoena are denied.

**4.      Motion to Take Judicial Notice (Civ. Dkt. 25)**

What has been docketed as a Motion to Take Judicial Notice is actually entitled

"Nunc Pro Tunc Recission of Signatures."  In this document, Mendenhall appears to be requesting recision of his signature on the Plea Agreement because "fraud is involved" and because of the "Ex Post Facto nature of the 'superseding information.'"  He also appears to contend that Dr. Beaver's report is grounds for finding him incompetent to enter a plea.

Mendenhall's Motion to Take Judicial Notice is procedurally improper.  Nevertheless, the Court finds that because Mendenhall has essentially raised these issues in his response to the Motion to Dismiss, this motion, to the extent that it is a motion, is moot.

### 5.    Motion to Determine Whether Evidentiary Hearing is Required (Civ. Dkt. 29)

Mendenhall formalized the request for an evidentiary hearing that he made in his "Response to the Government's Response."  He also noted the Government's failure to respond to the interrogatories he submitted.

This motion is moot given that the Court will make a determination as to the necessity of holding an evidentiary hearing in accordance with the directives of Rule 8 in its resolution of the Government's Motion to Dismiss.  The fact that the Government has not responded to the interrogatories is irrelevant given the Court's ruling above.

### 6.    Notices of Default for Failure to Respond (Civ. Dkts. 30-32)

Although entitled and docketed as notices of default, Mendenhall requests entry of default and summary judgment entered in his favor due to the Government's failure to

respond to or rebut declarations or affidavits he submitted in connection with his Motion to Strike, his Nunc Pro Tunc Recision of Signatures, and his Affidavit in Support of Motion for Issuance of Subpoena. To the extent that the notices are construed as motions, they are denied both as being procedurally improper and because default judgment is not available in habeas proceedings. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) (citing *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984)). *See also Quinones-Torres v. United States*, 240 Fed.Appx. 876, 878 (1st Cir. 2007) (applying *Gordon* to a § 2255 proceeding).

### 7.      Motion to Quash (Civ. Dkt. 39)

Mendenhall moves to quash affidavits as part of his "Response to Recent Government's Reply." Specifically, he moves to quash the affidavits attached to the Government's Reply to Petitioner's Response to the Motion to Dismiss 28 U.S.C. § 2255 Petition (Civ. Dkt. 34). One is signed by defense counsel Roger Peven, and the other is signed by C. Todd Smith who accompanied Government counsel to Mendenhall's brother's home to serve a trial subpoena and play recordings of phone calls between Mendenhall and his brother. *Attachments A & B*, Civ. Dkt. 34-1.

Mendenhall seeks to quash the affidavits on the grounds that (1) they are not labeled as affidavits, (2) they are not signed under penalty of perjury or any citation to 28 U.S.C. § 1746, (3) they are signed in their individual capacities only, (4) they are not signed as "lawyers" with a bar number quoted, and (5) there is no affidavit of co-defense

counsel Kailey Moran despite the fact that the order of the Court directed her to make herself available and "to assist in the preparation of an affidavit of counsel concerning [her] representation of Petitioner." *Motion to Quash* at 7. He characterized the noncompliance with the Order as being "tantamount to contemptuous behavior." *Id*.

Mendenhall's Motion to Quash is denied. The lack of a title is not significant, the documents indicate that each affiant was duly sworn and stating under oath, there was no need to sign in any other capacity, and there was no requirement that Roger Peven sign as a lawyer and include his bar number. Finally, the Order to which Mendenhall refers did not require Ms. Moran to submit an affidavit. It merely directed her to make herself available and assist in the preparation of an affidavit. That the Government ultimately decided not to submit an affidavit from her does not warrant a finding of contempt. Mendenhall's Motion to Quash is denied.

## REVIEW OF § 2255 MOTION

Mendenhall alleges five grounds of ineffective assistance of counsel at pretrial, plea, and sentencing stages of his prosecution. More specifically, he alleges that counsel's performance was deficient based on: (1) failure to move for dismissal of several counts in the Indictment on double jeopardy grounds, (2) failure to object to the dangerous weapon enhancement (U.S.S.G. § 5K2.6) on double counting grounds,

(3) failure to object to criminal history calculation, (4) failure to object to imposition of consecutive sentences, and (5) failure to move for downward departure based on diminished capacity.

The Court notes that Mendenhall opens his § 2255 Motion with the statement that he "wishes to make clear that he is <u>not</u> seeing to have his plea vacated" and that he "is only challenging his sentence and not the underlying convictions." *§ 2255 Motion* at 3 (emphasis in original). He "has no desire to go back to square one but rather is merely arguing for the sentence that he believes he had a legal right to receive." *Id.* He closes with recognition that he "belongs in jail," that "his actions were reprehensible," and that he has a "troubling history of arson/explosives-related behavior." *§ 2255 Motion* at 20. However, he believes he can be rehabilitated with proper mental health treatment. Therefore, he requests resentencing absent the alleged errors, a departure based on diminished capacity, and commitment to a psychiatric unit at a Federal Medical Center. *Id.* at 20-21.

The Government moves to dismiss on the grounds of waiver or, alternatively, failure to satisfy the *Strickland* standard of deficient performance and prejudice. In his Response to the Motion to Dismiss, Mendenhall raises additional claims: (1) that his attorneys were ineffective for not raising competency issues; (2) that his attorneys "pressured [him] into pleading guilty based upon conflict;" (3) that the Superseding Information violated his Fifth Amendment rights, the *ex post facto* clause of the U.S.

Constitution, constituted entrapment, and was filed as a result of prosecutorial misconduct; (4) that the Superseding Information was charged inappropriately; and (5) that the District Court and prosecution violated Rule 11 of the Federal Rules of Criminal Procedure because they did not advise him of his sentencing range. The Government urges dismissal of these claims as untimely, procedurally defaulted, and lacking in merit.

## STANDARDS OF LAW

**1.     28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

## 2.     Ineffective Assistance of Counsel

A defendant is entitled to effective assistance of counsel at the plea and sentencing stages of a criminal prosecution as well as at trial. *United States v. Leonti*, 326 F.3d 1111, 1116-17 (9th Cir. 2003).

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687).

**MEMORANDUM DECISION AND ORDER - 12**

The *Strickland* two-part test is also applicable to a case in which a defendant contends that his counsel was constitutionally inadequate during the guilty plea process. *Hill v. Lockhart*, 474 U.S. 54, 58 (1985). To show prejudice in the guilty plea context, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58-59. However, part of the prejudice determination is the likelihood a more favorable outcome at trial. *Id.*

## DISCUSSION

This case arises from Mendenhall's purchase from retail stores in Eastern Washington components for a destructive device made out of PVC pipe and containing explosive powder, razor blades, and BBs, and his subsequent transportation of that device to the State of Idaho with intent to use it to kill or injure his estranged wife. *Plea Agreement* at 3-4. Mendenhall placed the device in the bottom of a box and wired it so that it would explode when an item was removed from the box which he then left on the hood of his estranged wife's friend's automobile while she was staying overnight at the friend's home. *Id.* The explosive device was disarmed by the Spokane Bomb Squad after his estranged wife's friend became suspicious of the package. *Id.*

Underlying Mendenhall's claims is the contention that if counsel's representation had not been deficient, his sentence exposure would not have been 100 years or more and the 15-year sentence agreed to by the prosecutor and defense counsel would not

have been rejected by the Department of Justice. In other words, he contends that the

Department of Justice rejected the 15-year sentence because it appeared to be too

lenient in the face of a potential 100-year sentence.

**1.     Waiver**

A defendant may waive his statutory right to file a § 2255 motion challenging his

sentence. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), *cert. denied*, 508

U.S. 979 (1993).  However, a plea agreement must expressly state that the right to bring

a § 2255 motion is waived in order for the waiver to be valid.  *United States v. Pruitt*,

32 F.3d 431 (9th Cir. 1994) (finding that language in plea agreement that "he will not

appeal whatever sentence is imposed by the court" did not constitute a waiver of the

right to bring a § 2255 motion).  "The sole test of a waiver's validity is whether it was

made knowingly and voluntarily."  *United States v. Anglin*, 215 F.3d 1064, 1068 (9th

Cir. 2000).  The scope of such a waiver is demonstrated by the express language of the

plea agreement.  *Id*.  Nevertheless, even an express waiver may not bar an ineffective

assistance of counsel claim challenging the knowing and voluntary nature of the plea

agreement or the voluntariness of the waiver itself.  *United States v. Jeronimo*, 398 F.3d

1149, 1156 n.4 (9th Cir. 2005).

Here, the Plea Agreement did expressly state that the right to bring a § 2255

motion was waived:

> A.     In exchange for this Agreement, and except as
> provided in subparagraph B, the defendant waives any right

to appeal or to *collaterally attack* the conviction, entry of judgment, and sentence. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or *collateral attack* the defendant might file challenging the plea, conviction or sentence in this case. . . .

B.    Notwithstanding subparagraph A, the defendant shall retain the right to file one direct appeal only if the sentence imposed by the District Court exceeds 330 months in prison.

Notwithstanding subparagraph A, *the defendant may file one habeas petition (motion under 28 U.S.C. § 2255) for ineffective assistance of counsel only if: (1) the motion is based solely on information not known to the defendant at the time the District Court imposed sentence; and (2) in the exercise of reasonable diligence, the information could not have been known by the defendant at that time*.

*Plea Agreement* at 9 (emphasis added).

Mendenhall has alleged nothing in his § 2255 Motion that was not known to him or that could not have been known by him in the exercise of reasonable diligence at the time the Court imposed sentence. The Plea Agreement clearly spelled out the agreements, concessions, and expectations of the parties: that Mendenhall would plead guilty to the three-count Superseding Information in return for dismissal of the Indictment which included dismissal of all of the § 924 charges, that the sentences on each count would run consecutively, that the parties would jointly recommend a sentence of 300 months based on the application of certain guideline cross-references and an upward departure under USSG § 5K2.6, and that defense counsel would not file any motions for downward departure. *Plea Agreement* at 1, 7-9. Mendenhall signed the Plea Agreement

indicating that he had read and carefully reviewed every provision with his attorney and that he understood the agreement's affect on his potential sentence. *Id*. at 14.

At the change of plea hearing, Mendenhall was placed under oath. *Plea Tr.* at 3, Dkt. 4-1. The Court then conducted a very thorough Rule 11 hearing during which Mendenhall responded under oath to the Court's questions. He agreed that he understood his attorney's advice and had adequate time with his attorney prior to the hearing. *Id*. at 4. He stated that he had read and reviewed the Superseding Information with counsel and understood the charges, that he understood that the sentences would be imposed consecutively, that he had signed the Plea Agreement and had discussed each and every paragraph with his attorney, that he understood that there would be no downward departure, that he agreed with the guideline calculations contained in the Plea Agreement, that he understood there was a provision for an upward departure, and that he had waived his right to appeal or bring a § 2255 motion absent certain limited circumstances. *Plea Tr.* at 5, 11, 16, 17, 19-20.

Based on the above, the Court finds that Mendenhall unequivocally waived his right to file a § 2255 motion based on circumstances known to him at sentencing. The Court further finds that the bases of all of his claims were known to him at the time of sentencing. Moreover, he did not file a direct appeal challenging his guilty plea or claim in his § 2255 Motion that the Rule 11 colloquy was inadequate, that his guilty plea was involuntary, or that he is actually innocent of the charges to which he pled guilty.

Accordingly, the Court finds that Mendenhall has waived his right to file the within § 2255 motion alleging the five grounds of ineffective assistance of counsel.

The Court is cognizant of the fact that the waiver may not bar an ineffective assistance of counsel claim challenging the knowing and voluntary nature of his plea agreement or the voluntariness of the waiver itself. However, Mendenhall's § 2255 Motion contains no such challenge. In any event, statements made in open court at the time of a plea carry a strong presumption of verity and are entitled to great weight. *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986) (citing *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also U.S. v. Kazcynski*, 239 F.3d 1108, 1114-15 (9th Cir 2001) ("substantial weight" must be given to in-court statements). Even though that presumption is not necessarily an insurmountable barrier to an evidentiary hearing, the "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* (citations omitted).

The Court is not persuaded by Mendenhall's newly raised claims in his Response to the Government's Motion to Dismiss to the effect that he was pressured to enter the Plea Agreement and that he was incompetent at the time he entered his plea. Not only are these claims time barred as discussed below, but they are not credible in the face of the record. It is readily apparent that this claim, which represents a 180-degree turn from

his position in his § 2255 Motion, was advanced only because the Government raised the waiver issue.

Although the Court finds the new claims to be untimely, it notes with respect to the incompetence claim, as argued by the Government, Mendenhall cannot establish deficient performance in failing to seek a competency hearing unless he first demonstrates that "he was indeed incompetent to plead guilty." *United States v. Howard*, 381 F.3d 873, 878 (9th Cir. 2004) (citation omitted). He cannot meet this burden by speculatively asserting certain portions of the report.

"An individual is competent to stand trial if 'he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and . . . he has a rational as well as a factual understanding of the proceedings against him.'" *Boyde v. Brown*, 404 F.3d 1159, 1165 (9th Cir. 2005) (citing *Dusky v. United States*, 362 U.S. 402, 402 (1960)). "[T]here is no difference between the level of competence needed to plead guilty and that to stand trial." *United States v. Mendez-Sanchez*, 563 F.3d 935, 948 (9th Cir. 2009) (citations omitted). There is nothing in the record to suggest that Mendenhall lacked the ability to consult with his lawyer or understand the proceedings. Indeed, the plea colloquy shows otherwise. Counsel did not believe he had a reasonable basis to raise the issue of competency based on Dr. Beaver's report. *Affidavit of Roger Peven*, Dkt. 34-1 at 2-3. Dr. Beaver's report did not question Mendenhall's competence. In fact, the report even assumed the possibility of his

entering a plea agreement. *Dr. Beaver Report*, Dkt. 9-7 at 16. Neither Government counsel nor the Court observed evidence of incompetence. The fact that neither defense counsel nor the Court had doubt about Mendenhall's competence is most significant. *See Boyde*, 404 F.3d at 1167 (stating "perhaps the most telling evidence that Boyde was competent at trial is that neither defense counsel – who would have had every incentive to point out that his client was incapable of assisting with his defense – nor the trial court even hinted that Boyde was incompetent.")

**2.      New Claims**

In addition to now claiming ineffective assistance of counsel regarding his plea, Mendenhall also raised numerous other new claims in his Response. He asserts that the Superseding Information violated his Fifth Amendment rights, the *ex post facto clause* of the U.S. Constitution, constituted entrapment, and was the result of prosecutorial misconduct; that the Superseding Information was charged inappropriately; and that the Court and Government violated Rule 11 because they did not advise him of a sentencing range.

Motions filed pursuant to 28 U.S.C. § 2255 must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). In a case such as the present one, where there was no direct appeal, a judgment of conviction becomes final 14 days after the district court enters judgment. *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).

Judgment was entered against Mendenhall on August 18, 2011. Therefore, his conviction became final on September 1, 2011, and the deadline for filing a § 2255 motion became September 1, 2012. Although Mendenhall's initial § 2255 Motion was timely, the claims raised in the Response dated December 27, 2012 and filed January 2, 2013, are clearly untimely and thus procedurally defaulted. The argument regarding the voluntariness of his plea was clearly raised to rebut the Government's claim of waiver and directly contrary to his claims in his § 2255 Motion that he was not seeking to withdraw his plea. Read together with his sur-Reply, Mendenhall also appears to now contend that he was incompetent at the time he committed the offenses with which he was charged.

Mendenhall's attempt to introduce these new issues fails. An otherwise untimely claim is not saved by Rule 15(c) of the Federal Rules of Civil Procedure unless the new claim is "tied to a common core of operative facts" and thus relates back to a claim in the § 2255 Motion. *See Mayle v. Felix*, 545 U.S. 644, 664 (2005). Mendenhall's new claim that his plea was involuntary or that he was incompetent to enter the plea is directly contradictory to his claim that he was not trying to set aside his plea and thus is necessarily not tied to a common core of operative facts. Indeed, it is based on an entirely different set of facts.

The Court has no doubt that had the Government addressed the merits of his claims without claiming waiver, Mendenhall would not have made these assertions. The

Government's assertion of waiver cannot open the door so to speak to alleging new claims that were neither raised before this Court or on appeal.

Mendenhall's various other claims asserted in the Response and the assertion that perhaps he was not competent at the time of the offense are even less tied to the claims in the § 2255 Motion and therefore do not relate back to the timely filed § 2255 Motion. Accordingly, the Court will dismiss any new claims included in the Response and find the waiver valid.

**3.      Timely Claims in § 2255 Motion**

Even if Mendenhall's initial claims were not waived, they would fail on the merits as briefly discussed below.

**A.      Failure to Move for Dismissal of Several Counts in the Indictment on Double Jeopardy Grounds**

Mendenhall contends that Count Five which charged malicious use of explosives in an attempt to damage or destroy a vehicle should have been dismissed because the offense conduct for Count Five was fully encompassed in Count Four which charged transportation of explosives with intent to damage or destroy a vehicle.  He also contends that Counts 7 and 8, which charged that he used or carried a destructive device in relation to the transportation of that destructive device, should have been dismissed because "prosecution for carrying a destructive device in relation to carrying a destructive device would be barred by the Double Jeopardy Clause of the Fifth Amendment." *§ 2255 Motion* at 9.  Finally, Mendenhall contends that Count Nine

should have been dismissed because it "essentially charged that Mendenhall used a destructive device in relation to using a destructive device." *Id*. He does not challenge Count Ten.

Mendenhall claims prejudice on two grounds. First, he argues that if the counts above had been dismissed, his sentence would have been at least five years less than what he received because he would have faced only a five-year rather than a ten-year consecutive sentence on the one remaining § 924(c) charge. Second, he argues that if the counts violative of the double jeopardy clause had been dismissed, his sentence exposure would have been 20 years, 8 months, and the 15-year plea deal would not have looked so lenient and would have been accepted. He requests resentencing to a term of imprisonment not to exceed 15 years as contemplated in the original plea offer.

In evaluating an ineffective assistance of counsel claim, a court may consider the performance and prejudice components of the *Strickland* test in either order. *Strickland*, 466 U.S. at 697. Furthermore, the Court need not consider one component if there is an insufficient showing of the other. *Id.* Indeed, a court is encouraged to decide an ineffective assistance of counsel claim on prejudice grounds if it is "easier" to dispose of it on those grounds. *Id.*

Here, Mendenhall's claim is readily disposed of on the grounds of lack of prejudice. First, he is mistaken that he would have faced only a 5-year consecutive sentence on the remaining § 924(c) charge. Rather, the remaining § 924(c) count would

have carried a mandatory 30-year sentence given that the offense involved a destructive device. *See* 18 U.S.C. § 924(c)(1)(B)(ii). Defense counsel and the Government negotiated a sentence of 300 months or 25 years based on dismissal of all § 924(c) charges. The Court followed their recommendation. Second, to suggest that dismissal of the other § 924(c) charges would have made the Government more amenable to a 15-year sentence is highly speculative with no support in the record.

Although the lack of prejudice obviates the need to address the alleged ineffectiveness, the Court notes that the Ninth Circuit and every other circuit that has addressed the issue have held that multiple § 924(c) convictions arising for the same course of conduct are permissible under the statute. *United States v. Rahim*, 431 F.3d 753, 757-58 (citations omitted). As for Mendenhall's specific double jeopardy claim, *Rahim* makes clear that as long as each count "requires proof of an additional fact which the other does not," multiple § 924(c) conviction are permissible under the Double Jeopardy Clause. *Id*. at 758 (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

**B.**     **Failure to Object to the Dangerous Weapon Enhancement (U.S.S.G. § 5K2.6) on Double Counting Grounds**

Relying on Application Note 3 of USSG § 2K2.4, Mendenhall contends that counsel's performance was deficient when they failed to object to the dangerous weapon enhancement on the grounds that application of the enhancement or departure resulted in double counting and resulted in an approximately 4-year increase in his sentence "for the

same instance of using the same weapon to commit the same federal felony." *§ 2255 Motion* at 13. Furthermore, he contends that the resulting incorrect guideline calculation "also likely resulted in the 15-year plea deal being rejected." *Id.*

The Court notes that Mendenhall is actually referring to Application Note 4 which provides that there should be no weapons enhancement applied as a special offense characteristic to an underlying offense where there is a sentence imposed under § 2K2.4, the guideline pertaining to the use of firearms or explosives. *See* USSG § 2K2.4, comment. (n.4). There was no weapons enhancement in any of the underlying offenses. Rather, the increase was the result of the application of an upward departure under § 5K2.6. The departure was clearly applicable based on the dangerousness of the device, the manner in which it was used, and the extent to which its use endangered others. *See* USSG § 5K2.6. To the extent application of the departure results in double counting, it is permissible and appropriate because of the dangerousness of the weapon involved. *See United States v. Leahy*, 169 F.3d 433, 443 (9th Cir. 1999); *United States v. Reese*, 2 F.3d 870, 895 (9th Cir. 1993). While the departure increased his sentence, it was part of the overall plea deal reach by the parties that significantly reduced his exposure under the Indictment.

### C.    Failure to Object to Criminal History Calculation

Mendenhall contends that counsel was deficient in not objecting to the attribution of one point for his conviction for violating a protective order in 2009. He contends no

points should have been awarded because the offense is similar to the offenses listed under § 4A1.2(c)(1) for which points are counted only if the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days. As prejudice, he sites the increased sentence and the rejection of the 15-year plea deal.

Mendenhall cannot demonstrate prejudice. The Presentence Report found that he had six criminal history points which placed him in a category III. *PSR* ¶ 48. Had the one point not been counted, he would have had five criminal history points which would have likewise placed him in category III. *See Sentencing Table*, USSG Ch. 5, Pt. A (indicating that criminal history category III applies where criminal history points total either 4, 5, or 6). Also, the state court Judgment provided with the Government's Motion to Dismiss clearly states that the sentence imposed for violating the protective order was 35 days. *Response,* Ex. B, Dkt. 4-2 at 2-5. Therefore, regardless of whether the offense was similar to those listed under § 4A1.2(c)(1), the conviction was properly counted.

### D. Failure to Object to Imposition of Consecutive Sentences

Mendenhall contends that counsel was deficient for not objecting to imposition of consecutive sentences because 18 U.S.C. § 3584(1) states that "except that the terms may not run consecutively for an attempt and for another offense that was the sole object of the attempt." *§ 2255 Motion* at 14. He claims that "it can fairly be said that Mendenhall transported explosives in an attempt to stalk the victims listed in the

information." *Id.*   He continues, "Indeed, stalking was the sole object of the attempt contemplated in the transportation of explosives count" so he should have received concurrent sentences.  Because counsel did not object, he received an additional 90 months of imprisonment.

A review of the Superseding Indictment reflects that Mendenhall was not charged with "an attempt."  Rather, he was charged with transportation of explosives in Count One and with stalking in Count Two.  Even if the sentences on Counts One and Two should have otherwise run concurrently, they had to run consecutively to reach the guideline range.  *See* USSG § 5G1.2(d).  Count Three was statutorily required to run consecutively to the sentences imposed on Counts One and Two.  *See* 18 U.S.C. § 924(c)(1)(D)(ii).

### E.    Failure to Move for Downward Departure Based on Diminished Capacity

Finally, Mendenhall contends that counsel should have moved for a downward departure based on diminished capacity based on the mental health issues found in the report of Dr. Craig Beaver.  Such issues included diagnoses of Bipolar Type II Disorder, Cognitive Dysfunction Not Otherwise Specified, Personality Disorder Not Otherwise Specified among others.  Based on what he speculatively characterizes as "extraordinary diminished capacity," he alleges that counsel was deficient for agreeing to the prohibition in the Plea Agreement against moving for a downward departure.  *§ 2255*

*Motion* at 19. He concludes that had counsel informed him of the possibility of the departure, he would not have agreed to the provision. *Id.*

Had Mendenhall not agreed to the provision prohibiting downward departures, the § 924(c) charges would not have been dismissed and he would have exposed himself to a sentence of 30 years on one of those counts alone consecutive to the sentences imposed on the underlying crimes of violence. Had counsel requested the departure, he would have breached the Plea Agreement which would have permitted the Government to withdraw from the Plea Agreement and to prosecute the charges that it had agreed to dismiss. *Plea Agreement* at 10.

## CONCLUSION

The Court need look no further than the dismissal of the § 924(c) counts to find that counsel effectively represented Mendenhall. Conviction of even one § 924(c) charge would have resulted in a consecutive sentence of thirty years over and above the sentences of the remaining charges. To have negotiated for a 300-month or 25-year sentence is indicative of highly effective advocacy. A necessary part of reaching that agreement was Mendenhall's waiver of his right to file a § 2255 motion except in limited circumstances not applicable here. Mendenhall unequivocally agreed to that waiver in the written Plea Agreement and at the change of plea hearing. That knowing and voluntary waiver precludes the claims asserted in the § 2255 Motion. Even if it did not,

the claims fail on the merits as Mendenall can demonstrate neither ineffective assistance nor prejudice. The newly asserted claims are subject to dismissal as untimely.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1] When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Slack,* 529 U.S. at 484; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's determination that all of the grounds alleged in the § 2255 Motion are subject to dismissal on both waiver and substantive

---

[1] The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction. *See United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997). Therefore, cases addressing the requirements in the context of a § 2254 proceeding are pertinent to a § 2255 proceeding as well.

grounds and that issues raised in the response to the Motion to Dismiss are untimely to be debatable or wrong. Accordingly, a certificate of appealability will not issue.

## ORDER

**IT IS ORDERED:**

1.  Mendenhall's Motion for Appointment of Counsel (Civ. Dkt. 11), Motions for Issuance of Subpoena (Civ. Dkts. 15-23), and Notices of Default for Failure to Respond (Civ. Dkts. 30-32) are **DENIED**.

2.  Mendenhall's Motion to Strike and Motion to Continue Response Deadline (Civ. Dkt. 14), Motion to Take Judicial Notice, and Motion to Determine Whether Evidentiary Hearing is Required (Civ. Dkt. 29) are **MOOT**.

3.  The Government's Motion to Dismiss Interrogatories and Requested Subpoenas (Civ. Dkt. 27) is **GRANTED**.

4.  The Government's Motion to Dismiss (Civ. Dkt. 4) is **GRANTED** and Levi Wayne Mendenhall's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ.Dkt. 1 and Crim. Dkt. 49) is **DISMISSED** in its entirety.

5.  No certificate of appealability shall issue. Mendenhall is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and

Local Ninth Circuit Rule 22-1.  To do so, he must file a timely notice of appeal.

6.      If Mendenhall files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.  The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED:  **September 24, 2014**

Honorable Edward J. Lodge
U. S. District Judge